**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE ASSOCIATED PRESS,
200 Liberty Street
New York, NY 10281

JAMES MUSTIAN,
200 Liberty Street
New York, NY 10281;

Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,
Litigation Division
Office of General Counsel
Washington, DC 20505;

Defendant.

Civil Action No. 26-3131

## COMPLAINT

Plaintiffs The Associated Press ("the AP") and James Mustian (collectively "Plaintiffs") bring this action against Defendant Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as this action arises under 5 U.S.C. § 552(a)(4)(B).

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e).

## PLAINTIFFS

3. The AP is a nonprofit organization headquartered in New York. It is one of the world's oldest and most trusted news organizations. Since its inception in 1846, the AP has been known for its accurate, factual, and nonpartisan reporting. The AP's journalism reaches four billion people per day via major news outlets around the world, whatever their political orientation, and has received 60 Pulitzer Prizes for its courageous coverage of key moments in world history.

4. James Mustian ("Mustian") is a journalist who has been employed by the AP for eight years. As part of his duties as an investigative reporter covering criminal justice, he routinely requests records on behalf of the AP from various federal agencies under FOIA.

## DEFENDANT

5. Defendant Central Intelligence Agency ("CIA") is a federal agency headquartered at 1000 Colonial Farm Road, McLean, VA, with a mailing address in Washington, DC. It is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). CIA's Office of the Inspector General ("CIA OIG") is a component of CIA. Thus, upon information and belief, CIA has possession, custody, and control of the records, within the meaning of 5 U.S.C. § 552(f)(2), to which the Plaintiffs seek access.

## FACTS

6. According to the U.S. Embassy to Mexico's website, on October 25, 2021, the Federal Bureau of Investigation ("FBI") Washington Field Office and U.S. Department of State's Diplomatic Security Service's Office of Special Investigations issued a release seeking information about former CIA employee Brian Jeffrey Raymond ("Raymond"). The release provided details of Raymond's crimes and disclosed that he had pleaded guilty in July 2021 to two counts of sexual abuse and one count of transporting obscene material. U.S. Mission to Mexico, Release, *FBI Washington Field Office and U.S. Department of State's Diplomatic Security Service's Office of Special Investigations Seek Information Regarding Serial Sexual Offender and Former CIA*

*Employee Brian Jeffrey Raymond* (Oct. 25, 2021) *available at* https://mx.usembassy.gov/fbi-usdos-seek-information-regarding-serial-sexual-offender-and-former-cia-employee-brian-jeffrey-raymond/ (last accessed Sep. 2, 2026).

7. On October 5, 2023, Mustian, in his capacity as an employee of the AP, submitted a FOIA request to CIA OIG for the following records:

> I request any and all records, reports and communications that may be released under the law pertaining to the former CIA Officer Brian Jeffrey Raymond. This request includes, but is not limited to, any reports compiled or investigations conducted by the OIG into Raymond's employment, overseas postings and the Agency's handling of sexual misconduct allegations lodged against Raymond. It also includes any documents in the OIG's possession reflecting any complaints filed against Raymond by colleagues or outside parties or any red flags the Agency overlooked during his employment.

8. Mustian requested expedited processing of the October 5, 2023, request.

9. On November 3, 2023, CIA acknowledged the request and assigned it request number F-2024-00331 but claimed that the request could not be processed without Raymond's date of birth. The Agency also suggested the scope of the request be narrowed.

10. On November 15, 2023, Mustian provided supplemental information to CIA and agreed to narrow the scope of the request to "any and all records, reports and communications about investigations of the allegations against Brian Jeffrey Raymond."

11. On December 12, 2023, CIA denied expedited processing of the request. Mustian appealed the denial of expedited processing.

12. On November 7, 2023, the U.S. Attorney's Office for the District of Columbia ("USAO") issued a press release announcing that Raymond had pleaded guilty "to drugging and sexually abusing numerous women in multiple countries, including photographing and video recording dozens of nude and partially nude women without their consent while they were unconscious and incapable of consenting." USAO, Press Release, *Former U.S. Government*

*Employee Pleads Guilty to Sexual Offenses* (Nov. 7, 2023) *available at* https://www.justice.gov/usao-dc/pr/former-us-government-employee-pleads-guilty-sexual-offenses (last accessed Sep. 2, 2026).

13. On August 27, 2024, Mustian submitted a request for an update to CIA. He again argued in favor of expedited processing in light of Raymond's sentencing that was scheduled for September 18, 2024.

14. On September 18, 2024, the Plaintiffs reported that Raymond had been sentenced to thirty years in federal prison. Jim Mustian and Joshua Goodman, *Veteran CIA officer who drugged and sexually assaulted dozens of women gets 30 years in prison*, THE AP (Sep. 18, 2024) *available at* https://apnews.com/article/cia-spy-sexual-assault-misconduct-justice-law-f870024c1723b1a4d47425e6e16f8bfa (last accessed Sep. 3, 2026).

15. On October 30, 2024, CIA responded to Mustian's request for an update. It advised him that CIA was processing the request and would advise him of CIA's determination as soon as possible. CIA disclosed that it had no record of Mustian's appeal of the expedited processing denial, but CIA granted his request for expedited processing.

16. On May 19, 2026, Mustian left a phone message seeking the status of the request.

17. On May 27, 2026, Mustian submitted another request for an update to CIA.

18. On July 6, 2026, Mustian sent an email to CIA's media email account requesting a status update and the name of the FOIA officer.

19. On August 4, 2026, the AP's counsel in this matter submitted a letter to CIA requesting a search for requested records to be completed and production of records to begin by September 1, 2026, in an effort to avoid litigation of this request.

20. Neither the AP, Mustian, nor the AP's counsel have received any further communications or records from CIA in response to the request. It has been over three years since

the Plaintiffs requested these records about a convicted sex offender. In all that time, CIA has never provided an explanation for this delay and lack of production.

**COUNT ONE**

**Violation of FOIA, 5 U.S.C. § 552**

21. The foregoing allegations are re-alleged and incorporated herein by reference.

22. CIA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

23. CIA OIG is a component of CIA.

24. On October 5, 2023, the Plaintiffs filed a request for records with CIA, including a request for expedited processing.

25. On October 30, 2024, CIA granted the request for expedited processing.

26. The AP has not received any further communications or records from CIA in response to the request.

27. FOIA establishes a 20-day deadline (excepting Saturdays, Sundays, and legal public holidays) by which a federal agency must make a determination whether it will comply with a request made pursuant to the statute and immediately notify the requester. 5 U.S.C. § 552(a)(6)(A)(i).

28. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), because CIA failed to comply with the time limit and requirements set forth in 5 U.S.C. § 552(a)(6)(A)(i) (i.e., failed to make a determination with respect to a request), the Plaintiffs are deemed to have exhausted administrative remedies with respect to their FOIA request.

29. By failing to make a determination within the statutory time period and failing to release all responsive, non-exempt records, CIA has violated FOIA. See 5 U.S.C. § 552(a)(3)(A).

**RELIEF**

WHEREFORE, Plaintiffs respectfully request relief as follows:

30. An injunction requiring CIA to produce, by a date certain, all records responsive to

the AP's FOIA request.

31. Costs and reasonable attorney fees under 5 U.S.C. § 552(a)(4)(E).

32. Such other relief as this Court deems just and equitable.

Respectfully Submitted,

September 8, 2026

*/s/ Michael S. Zummer*
Michael S. Zummer
(Bar ID LA0013/La. Bar No. 31375)
2337 Magazine St. Unit D
New Orleans, LA 70130
Telephone: (504) 717-5913
E-mail: afbilitigation@gmail.com
*Counsel for Plaintiffs*